834 P.2d 1317

In the Matter of the CONSERVATOR-SHIP OF the ESTATE of Nuna C. REINWALD, a protected person.

The OLD NATIONAL BANK OF WASHINGTON, Conservator, Plaintiff–Appellant,

v.

Robert TATE, Defendant–Respondent.

No. 18546.

Supreme Court of Idaho, Lewiston, October 1991 Term.

July 2, 1992.

Schwam Law Firm, Moscow, for plaintiff-appellant. Andrew M. Schwam argued.

Stellmon & Mosman, Moscow, for defendant-respondent. Roy E. Mosman argued.

MICHAUD, Judge Pro Tem.

This appeal is from an opinion and order of the district court affirming a determination by the magistrate that appellant Old National Bank (ONB) as conservator of the estate of Nuna C. Reinwald failed under I.C. § 15–5–427 to take into account and preserve insofar as possible a known estate plan of Mrs. Reinwald. ONB contends the magistrate erred in requiring the bank to preserve what amounts to an invalid oral testamentary trust. We affirm.

Reinwald purchased a 2½ year certificate of deposit in the amount of $60,188.29, in 1980. The CD contained a rollover provision effective ten days after maturity unless the depositor instructed otherwise. A payable on death provision in favor of Reinwald's nephew, respondent Robert Tate, was included. Tate was with Reinwald on the day the CD was purchased and commented, "That's a lot of money you just gave me." Reinwald responded, "I want

you to divide it with your sisters Ruth, Marguerite and Janie."

Also in 1980, ONB was appointed Reinwald's conservator. At the bank's request, Tate surrendered the CD and received a receipt acknowledging the POD provision. In 1982 when the CD matured ONB transferred the money to itself as conservator and reinvested the proceeds without continuing the POD provision in favor of Tate. Apparently, Tate was not notified of the bank's actions. In 1984 Reinwald passed away.

In January 1985, ONB filed its final accounting as conservator. Tate filed an objection contending he was entitled to $60,188.29 plus interest pursuant to the POD provision. Tate maintained that when ONB reinvested the money without continuing the POD provision it violated I.C. § 15-5-427 by failing to take into account and preserve insofar as possible a known estate plan of Mrs. Reinwald. ONB took the position that the CD with its POD provision did not meet the definition of an "estate plan" under I.C. § 15-5-427.

The magistrate concluded that the POD provision constituted an estate plan and that ONB had a duty under I.C. § 15-5-427 to take the POD provision into account as an express desire of Mrs. Reinwald to dispose of a portion of her estate outside her will. The magistrate also found that Reinwald's statement to Tate constituted a part of Reinwald's estate plan. The magistrate entered an order requiring ONB to surrender $60,188.29 to Tate to be held in trust by Tate for equal distribution to himself and his sisters.

On appeal to the district court, ONB argued that the order of the magistrate required the bank to preserve an invalid oral testamentary trust. As a result of its deposition of Tate prior to the hearing before the magistrate, the bank was aware of the statement by Reinwald to Tate to share the CD proceeds, yet the bank failed to raise the issue of an invalid oral testamentary trust before the magistrate. Because the magistrate had not been asked to decide whether a trust had been created, valid or otherwise, the district court concluded

that the issue need not be decided. Nonetheless, the district court ruled that Reinwald's statement to Tate to share the proceeds of the CD did not create a trust since it was no more than a request or an expectation as shown by the precatory words used. The court noted that the magistrate erred in ordering Tate to hold the proceeds in trust, but since no appeal was taken from that order it was affirmed, as was the order that ONB should have preserved the POD provision as a valid estate plan.

■ The issue before this Court is the same as that considered by the district court sitting in its appellate capacity. As such, this Court will review the magistrate's order independent of but with due regard for the district court's decision. *State v. Bitt*, 118 Idaho 584, 798 P.2d 43 (1990); *Robinson v. Joint School Dist. No. 331*, 105 Idaho 487, 670 P.2d 894 (1983); *Hentges v. Hentges*, 115 Idaho 192, 765 P.2d 1094 (Ct.App.1988).

■ While both parties have extensively briefed the issue of whether an oral testamentary trust was created, the issue was not presented to the magistrate. Therefore, no findings of fact were made by the magistrate regarding the trust theory proposed on appeal. This Court will not consider an issue not raised before the trial court and addressed for the first time on appeal. *Sun Valley Shopping Center v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991); *Kinsela v. State Dep't. of Fin.*, 117 Idaho 632, 790 P.2d 1388 (1990).

The remaining question is whether the magistrate erred in concluding that the POD provision was an estate plan and that ONB had a statutory duty to take into account and preserve that plan insofar as possible. On this point the Court is mindful of the magistrate's finding that Reinwald's statement to Tate was part of Reinwald's "estate plan."

Conservators are given broad powers under our statutes in administering estates. I.C. §§ 15-5-424 and 15-5-425. However, I.C. § 15-5-427 places a limit on the exercise of those powers. That section provides:

In investing the estate, and in selecting assets of the estate for distribution under subsections (a) and (b) of section 15–5–425 of this Part, in utilizing powers of revocation or withdrawal available for the support of the protected person, and exercisable by the conservator or the court, *the conservator and the court should take into account and preserve insofar as possible any known estate plan of the protected person, including his will, any revocable trust of which he is settlor, and any contract, transfer or joint ownership arrangement with provision for payment or transfer of benefits or interests at his death to another or others which he may have originated.* (Emphasis added.)

■ Today we hold that when conservators in the administration of estates have knowledge of an estate plan valid and complete on its face, they must under I.C. § 15–5–427 take into account and preserve that estate plan insofar as possible. Once this is done, if a question arises as to validity of the estate plan either because of a perceived technical defect in its creation or because of allegations of incompetency on the part of the grantor or undue influence or duress by others, recourse may be had in the courts by the conservator or any aggrieved party. However, the conservator on the facts here present may not assert those same defects to excuse its own failure to preserve an estate plan valid and complete on its face of which the conservator had knowledge and as to which the conservator at the time had no notice of any defect.

■ Central to our holding is that I.C. § 15–5–427 requires conservators to preserve only *"known"* estate plans. Obviously, conservators cannot be required to preserve estate plans of which they have no knowledge. Here, at the time the CD matured ONB's knowledge of the matter was limited to the CD with its POD provision in favor of Tate. On this point the magistrate concluded:

I find the Conservator had a duty pursuant to I.C. [§] 15–5–427 to take into account *the POD provision* as an express desire of Mrs. Reinwald to dispose of a portion of her estate outside the will. I find *it is an estate plan* and consistent with the schedules of legacies detailed in her will … I find I.C. [§] 15–5–427 requires preservation of the estate plan in managing and investing the estate…. (Emphasis added.)

The magistrate clearly and correctly determined that *the POD provision* constituted an estate plan. I.C. § 15–5–427 defines estate plans to include any contract with provision for the payment or transfer of benefits or interests to another at the death of the protected person. A certificate of deposit containing a POD designation meets this statutory definition because it is a contractual arrangement that transfers a benefit at the grantor's death. *See* I.C. § 15–6–101.

In sum, in managing Reinwald's estate ONB had the duty under I.C. § 15–5–427 to preserve insofar as possible any known estate plan of the protected person. At the time the CD matured, ONB had before it a valid estate plan complete on its face without any suggestion that the plan was subject to question. ONB was required to preserve that estate plan insofar as possible under I.C. § 15–5–427 but failed to do so.

■ We come now to the magistrate's separate conclusion regarding Reinwald's statement to Tate:

I further find the testimony of Mr. Tate, facially self-serving, accrued credibility with the revelation the munificence of Mrs. Reinwald was intended to be shared with [Tate's] sisters…. *I specifically find that express wish is a part of Mrs. Reinwald's estate plan and should be executed in fullest measure.* (Emphasis added.)

In view of this finding and the fact that ONB had no knowledge of Reinwald's express wish, it must be asked whether the conclusion that ONB failed to preserve a "known estate plan of the protected person" is still valid.

First, to the extent ONB argues that the statement to Tate resulted in the creation of an invalid oral testamentary trust, the

issue is not before us. *See infra.* Second, as noted by the district court no appeal was taken from the magistrate's determination that Tate must share the proceeds of the CD in equal measure with his three sisters. The propriety of the magistrate's order in that regard is not before us. Third, the conclusion that ONB was obligated under I.C. § 15–5–427 to preserve a known estate plan valid and complete on its face does not run afoul of a separate finding by the magistrate that Reinwald's statement to Tate was a part of Reinwald's estate plan.

The statute at issue contemplates that a protected person may at any one time have several "estate plans." These include the protected person's will, revocable trusts of which he is settlor, and any contracts, transfers or joint ownership arrangements with provision for payment or transfer of benefits or interests at death. The magistrate specifically concluded, as did the district court, that *the POD provision* by itself constituted an estate plan that ONB had a duty to preserve. At the same time, Reinwald's express wish as conveyed to Tate may have been a part of her estate plan, as was her will, although we do not intimate whether the magistrate was correct in giving legal effect to Reinwald's "wish" because the issue is not before us. ONB is in no way aggrieved by the magistrate's decision requiring Tate to share the CD funds with his sisters because that part of her estate plan can and does exist separate and apart from the POD provision portion of the estate plan. ONB had no obligation under the former and failed in the obligation under the latter. Because ONB had no knowledge that Reinwald said anything to Tate regarding distribution of the proceeds of the CD, any estate plan to that extent would not have been binding on ONB because it was not known to the bank at the time the CD matured. At the same time, ONB cannot escape the consequences of its failure to preserve a known estate plan. That Reinwald expressed her feelings to Tate regarding distribution of the proceeds does not change the fact that ONB must account for its handling of the POD account, a known estate plan complete and valid on its face.

With our holding we attempt to provide conservators with an added measure of certainty, imposing no more than what is required by the statute; namely, estate plans known to the conservator which appear valid and complete must be taken into account and preserved insofar as possible. Conservators should not be forced in examining the assets under their charge to walk a tightrope of legal niceties—guessing at whether an estate plan valid on its face might nonetheless be defective under the law—all the while juggling the interests of the protected person and the rights of various actual or contingent beneficiaries. Knowledge of an estate plan valid and complete on its face triggers the duty to take into account and preserve; the statute requires nothing more, nothing less.

The magistrate's determination that appellant Old National Bank (ONB) as conservator of the estate of Nuna C. Reinwald failed under I.C. § 15–5–427 to take into account and preserve insofar as possible a known estate plan of Mrs. Reinwald is affirmed. No costs or attorney fees awarded on appeal.

BAKES, C.J., BISTLINE and JOHNSON, JJ., concur.

BOYLE, J., sat, but did not participate due to his resignation on March 31, 1992.