872 P.2d 716

**Emma Lou HOOK and Wayne D. Hook, wife and husband, Plaintiffs–Respondents,**

v.

**B.C. INVESTMENT, INC., an Idaho corporation, d/b/a Harold's Foods, Defendant–Appellant.**

No. 19926.

Supreme Court of Idaho, North Idaho, October 1993 Term.

April 18, 1994.

454

Beard, St. Clair, Peterson, Sullivan & Barber, Idaho Falls, for appellant. John G. St. Clair argued.

Cooke, LaManna, Smith & Cogswell, Priest River, for respondents. Nicholas M. LaManna argued.

BISTLINE, Justice.

This is an appeal by B.C. Investment, Inc. (BCI) of the district court's granting of a new trial for Emma Lou Hook on the issue of damages in a personal injury action. After a jury trial in which BCI was found liable for Hook's injury and limited damages were awarded to Hook, the district court ordered a new trial on the issue of damages, pursuant to I.R.C.P. 59(a)(7), because it determined that there had been a significant typographical error in the jury instructions. We conclude that the district court erred in granting a new trial.

## BACKGROUND

Emma Lou Hook sustained personal injuries when she slipped and fell on a wet floor in Harold's Foods (a supermarket owned by B.C. Investment, Inc.) in Sandpoint, Idaho, on April 2, 1988. Both parties agree that in this fall Hook sprained a ligament in her right knee. Hook eventually had surgery on her knee which resulted in severe complications and was only partially successful. The parties disagree on whether Hook's subsequent difficulties with her knee were primarily caused by this injury or by another injury she sustained several months later when the sprain had nearly healed, and by aggravation to a pre-existing arthritic condition.

Comparative fault was the issue at the trial in the district court. The jury found BCI ninety percent liable for Hook's problems but it awarded Hook only limited damages, $13,000, instead of the much larger sum she sought. The court entered judgment on the jury's verdict for $11,700, which reduced the $13,000 by the ten percent reflecting Hook's comparative negligence pursuant to I.C. § 6-801.

Hook moved for a new trial, judgment n.o.v., and additur. Hook's claim of error was based on Jury Instruction No. 25 in which the word "plaintiff" was inadvertently substituted for "defendant." Instruction No. 25 reads:

You are to apportion, if possible, between the condition, pain, or disability prior to this occurrence and the condition, pain, or disability caused by this occurrence [and] assess liability accordingly. If no apportionment can reasonably be made by you, then the *plaintiff* is liable for the entire damage.

(Emphasis added.)

At the conclusion of oral argument on Hook's motions, Judge Michaud ordered a new trial on the issue of damages only, solely on the basis of the error in Instruction No. 25. Judge Michaud denied Hook's other motions. BCI appealed from that order.

## ANALYSIS

██ This Court generally gives a trial court wide discretion on whether to grant a

new trial. *Luther v. Howland,* 101 Idaho 373, 613 P.2d 666 (1980). However, where a new trial is granted because of a flawed jury instruction, this is an issue of law over which this Court exercises free review. *Grimes v. Green,* 113 Idaho 519, 746 P.2d 978 (1987). We have repeatedly held that where a mistake in a jury instruction was irrelevant, no new trial is required. *See e.g. Sherwood v. Carter,* 119 Idaho 246, 805 P.2d 452 (1991).

 We find that the flaw in Instruction 25, at issue in this case, was harmless error because the law was correctly stated in Instructions No. 26 and 28. As we explained in *Sherwood:*

> On appeal, the review of jury instructions is generally limited to a determination of whether the instructions, when considered as a whole and not individually, fairly and adequately present the issues and state the applicable law [citations omitted]. If the instructions fairly and adequately present the issues and state the law, then no reversible error is committed [citations omitted].

119 Idaho at 256, 805 P.2d at 462. Similarly, "[w]here, considering the instructions in connection with one another and without straining the language, the charge harmonizes as a whole and fairly and accurately states the law, the [verdict] should not be disturbed." *Luzar v. Western Sur. Co.,* 107 Idaho 693, 698, 692 P.2d 337, 342 (1984). The district court in two separate instructions, Nos. 26 and 28, clearly told the jury that BCI was liable for all of Hook's injuries if the jury could not apportion between the pre-existing injuries and new ones caused by the accident.

*Sherwood* also states that "the giving of an erroneous instruction does not generally justify granting of a new trial unless the appellant can establish that he or she was prejudiced thereby, and that the error affected the jury's conclusions." *Sherwood,* 119 Idaho at 260, 805 P.2d at 466. Hook cannot establish that prejudice since the overall content of the jury instructions clearly placed the onus of liability on BCI if the jury could not apportion between the pre-existing condition and the new injuries.

We have held that where jury instructions are given which are contradictory on materi-al matters, "the conflict between them and the resultant ambiguity and uncertainty constitutes prejudicial error and requires reversal." *Yacht Club Sales & Serv., Inc. v. First Nat'l Bank,* 101 Idaho 852, 863, 623 P.2d 464, 475 (1980). Hook contends that because Instruction 28 clearly stated the correct law, and Instruction 25 stated the same proposition incorrectly, *Yacht Club* mandates reversal. We disagree. Instruction 28 reads:

> If you decide for the plaintiffs Wayne D. Hook and Emma Lou Hook ... you must then fix the amount of money which will reasonably and fairly compensate them for any of the following elements of damage ... caused by the negligence of the defendant B.C. Investments, Inc.:

> The aggravation, if any, caused by the accident to any pre-existing ailment or condition, which does not include damages for the pre-existing condition itself, but only for the additional injury caused unless apportionment is not possible in which case *defendant is liable for the entire damage as explained in instructions 25 and 26.*

(Emphasis added). That this instruction specifically refers to Instruction 25 as corroborating it, when the error in Instruction 25 would make it appear to contradict it, strengthens our conclusion that the obvious typographical error in Instruction 25 could not have caused actual confusion. There was no ambiguity or uncertainty about the real meaning of Instruction 25 and the case is thus distinguishable from *Yacht Club.* Therefore, we conclude that the district court erred in granting a new trial based on this irrelevant typographical mistake.

### CONCLUSION

We reverse the district court's grant of a new trial. Therefore, the jury verdict is reinstated. Costs to appellant BCI.

JOHNSON, TROUT and SILAK, JJ., concur.

McDEVITT, C.J., concurs in the result.