879 P.2d 1120

Garland LANKFORD and Charlotte Lankford, Plaintiffs-Appellants,

v.

NICHOLSON MANUFACTURING COMPANY, a Washington Corporation, Defendant-Respondent.

No. 20437.

Supreme Court of Idaho,
Twin Falls, May 1994.

Aug. 22, 1994.

Hopkins, French, Crockett, Springer & Hoopes, Idaho Falls, and Spence, Moriarity & Schuster, Jackson, WY, for appellants. Heather Noble argued.

Cosho, Humphrey, Greener & Welsh, Boise, for respondent. Christopher C. Burke argued.

SILAK, Justice.

## BACKGROUND

Appellant Garland Lankford (Lankford) was seriously injured when he was struck by a log while working at the Boise Cascade Mill in Emmett, Idaho. The log was being debarked by a machine manufactured by respondent Nicholson Manufacturing Company (Nicholson). Ordinarily, the debarker is fed logs by an in-feed conveyor. As a log enters the debarker, "hold down" rolls apply several tons of pressure to the log, holding it secure so that the debarker can effectively scrape the bark from the log by means of a rotating ring of blades. On occasion, the spinning blade ring can catch the log and spin it. This is especially likely to occur when irregularly shaped logs are fed through the debarker and where the operator fails to apply the hold down rolls. Lankford was injured when the debarker blades caught a log, rotating one end of the log and thrashing the other end in a wide arc so that it hit Lankford.

Lankford brought a product liability action against Nicholson, raising alternative theories of negligence and strict liability. Specifically, Lankford alleged that Nicholson was negligent in designing an unsafe debarking machine and in failing to provide adequate warnings, or that the design was defective and the machine was inherently dangerous. At trial, Nicholson took the position that Lankford's employer, Boise Cascade, was responsible for worker safety and should have installed guards on the debarker. Nicholson presented evidence showing that it was industry custom for the machine manufacturers to provide only the machine, while the mill owner designs the rest of the "log factory system." According to Nicholson, the design of this system is the key element in providing for worker safety. Nicholson thus argued that it acted reasonably when it chose not to provide a safety device designed to prevent this type of accident on its machine.

The jury returned a verdict for Nicholson. Lankford filed a motion for a new trial, citing irregularity in the proceedings, surprise, and errors of law. I.R.C.P. 59(a). The trial court denied the motion and Lankford appealed.

This Court must resolve the following issues on appeal:

I.  Whether the trial court erred in admitting extensive evidence from Nicholson on industry custom and in refusing to instruct the jury that Nicholson's compliance with industry custom is not dispositive of the issue of strict liability.

II.  Whether the trial court erred in denying Lankford's motion for a new trial based on unfair surprise.

III.  Whether the trial court erred in refusing to allow Lankford to examine Nicholson's witness, Mr. Nicholson, concerning features on other Nicholson debarkers which could have functioned as alternative designs to guard against log thrashing.

## STANDARD OF REVIEW

A trial court is vested with broad discretion in determining whether to grant or deny a motion for a new trial, and this Court will not overturn an order of the trial court denying a motion for a new trial unless the trial court has manifestly abused its discretion. *Bott v. Idaho State Bldg. Auth.*, 122 Idaho 471, 475, 835 P.2d 1282, 1286 (1992). In evaluating whether a trial court has abused its discretion, this Court must determine (1) whether the trial court correctly perceived the issue as one of discretion; (2)

whether the trial court acted within the outer boundaries of its discretion, consistently with applicable legal standards; and (3) whether the trial court reached its decision by exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## ANALYSIS

### I.

**The trial court did not abuse its discretion in admitting evidence of industry custom or in refusing to submit Lankford's proposed instruction 23 to the jury.**

Lankford asserts that the trial court improperly allowed Nicholson to introduce evidence of industry custom because the evidence distracted the jury from considering the dangerous nature of the product and misled them to focus on the manufacturer's reasonableness in designing it. Moreover, Lankford argues, the trial court's failure to submit plaintiff's proposed jury instruction 23[1] compounded the problem, leaving the jury confused concerning the relationship of industry custom and product liability, as well as Nicholson's legal standard of care, to the prejudice of Lankford. Accordingly, Lankford contends, this Court should reverse the order denying Lankford's motion for a new trial. We disagree.

A careful review of the record reveals that Lankford did not object at trial to Nicholson's evidence concerning industry custom. This Court has repeatedly upheld the well-established principle that review on appeal is limited to those issues raised in the lower tribunal. This Court will not address issues raised for the first time on appeal. *In re Estate of Reinwald*, 122 Idaho 401, 402, 834 P.2d 1317, 1318 (1992); *Baldner v. Bennett's, Inc.*, 103 Idaho 458, 460, 649 P.2d

1214, 1216 (1982). In the same vein, we will not consider on appeal objections not made in a proceeding below. *Workman Family Partnership v. City of Twin Falls*, 104 Idaho 32, 35, 655 P.2d 926, 929 (1982).

When a party challenges on appeal a decision of the trial court denying a proposed jury instruction, this Court reviews the jury instructions to determine whether the instructions, taken as a whole, fairly and accurately reflect the issues and the applicable law. *Hook v. B.C. Investment, Inc.*, 125 Idaho 453, 455, 872 P.2d 716, 718 (1994) quoting *Sherwood v. Carter*, 119 Idaho 246, 256, 805 P.2d 452, 462 (1991); *In re Estate of Roll*, 115 Idaho 797, 799, 770 P.2d 806, 808 (1989). If the Court finds that the instructions adequately present the issues and state the applicable law, the Court will not reverse the trial court. *Leazer v. Kiefer*, 120 Idaho 902, 904, 821 P.2d 957, 959 (1991). Similarly, if the Court does find that the instructions are not factually or legally accurate, it will not reverse the trial court unless the instructions would mislead the jury or prejudice the complaining party. *Id.*

Our analysis of the jury instructions as a whole leads us to conclude that the trial court properly instructed the jury and did not err in refusing to submit Lankford's proposed instruction 23. The subject matter of Lankford's instruction 23 was adequately covered in the trial court's other instructions. Specifically, instructions 9 and 13 adequately covered the issue of ordinary care and negligence, and instructions 17 and 19 adequately discussed strict liability. Moreover, Lankford's requested instruction 23 incorrectly states the law and improperly comments on the evidence. The instruction confuses negligence and strict liability and comments on what constitutes reasonable care. *Cf. Leaz-*

---

1. Lankford's proposed instruction 23 reads:
   In determining whether anyone was or was not at fault, you may consider any evidence of any custom of an industry in conducting its operations. However, the standard of care is not fixed by custom, as custom cannot overcome the requirement of reasonable safety and ordinary care. The standard is always ordinary care, and the presence or absence of custom does not alter that standard. What others do

is some evidence of what should be done, but is not conclusive evidence, and is never a substitute for ordinary care. An operational practice, although long indulged in, but which does not afford reasonable protection to those engaged in that operation does not relieve those responsible from liability if it results in injury or damage caused by the fault of those responsible.

*er,* 120 Idaho at 907, 821 P.2d at 962 (court ordered new trial where instruction given by trial court inaccurately stated applicable Idaho law on standard of care in medical malpractice case, misguiding the jury).

## II.

### The trial court did not abuse its discretion in denying Lankford's motion for a new trial based on unfair surprise.

Lankford next asserts that Nicholson elicited surprise expert testimony concerning automatic hold down rolls, which testimony prejudiced Lankford who was unprepared to rebut Nicholson's experts. Thus, Lankford concludes, a new trial should be granted. The trial court denied Lankford's motion for a new trial on the issue, finding that Nicholson did not act in bad faith in eliciting the expert testimony and that the testimony did not prejudice Lankford because it did not affect the verdict.

The record reveals that Lankford, not Nicholson, precipitated the chain of events that elicited the testimony to which Lankford objects on appeal. The challenged testimony includes that of Lankford's own witness, Nicholson employee George Simpson, who testified on redirect examination that automatic hold down rolls, as opposed to the manual ones used by Boise Cascade on the Emmett debarker, would greatly reduce the risk of thrashing. Lankford was surprised yet apparently undaunted by Simpson's testimony concerning this previously unannounced "safety" perk of the hold down rolls beyond their intended function to hold the logs steady for scraping. He capitalized on Simpson's testimony by weaving a new "safety" theory that the debarker was defective or unreasonably dangerous because it lacked automatic hold down rolls, exploring Simpson's opinions concerning automatic versus manual hold down rolls for six more pages of transcript. Equally surprised yet understandably more daunted by Simpson's testimony, Nicholson quite reasonably attempted to rebut Lankford's automatic hold down "safety" theory through its own expert, Mr. Mason. Mr. Mason testified that the automatic hold down rolls would have been no less dangerous than manual ones, because

the operator would have overridden the automatic "the majority of the time." Lankford also challenges Mr. Mason's testimony.

█ We reject Lankford's challenge and hold that the trial court did not abuse its discretion in denying Lankford's motion for a new trial based on unfair surprise. He elicited his own witness' testimony on redirect, and only objected based on lack of foundation to Mason's testimony. Lankford failed to object to the challenged testimony on the ground of unfair surprise. Once again, this Court will not address issues raised for the first time on appeal, nor consider on appeal specific objections not made in a proceeding below. *Workman Family Partnership v. City of Twin Falls,* 104 Idaho 32, 35, 655 P.2d 926, 929 (1982); *Koch v. Elkins,* 71 Idaho 50, 54, 225 P.2d 457, 459 (1950).

## III.

### The trial court did not abuse its discretion in refusing to allow Lankford's counsel to examine Mr. Nicholson concerning features on other Nicholson debarkers which could have functioned as alternative designs to guard against log thrashing.

Lankford next asserts that the trial court erred in not allowing Lankford to cross-examine Nicholson's witness, Mr. Nicholson, concerning features on other debarkers manufactured by Nicholson designed for purposes other than to protect against log thrashing, but which could be used to guard against log thrashing. The trial court refused to allow Lankford to pursue this avenue of cross-examination, ruling that the presence of such features on other debarkers was irrelevant to the issue of whether the absence of guards to protect against log thrashing constitutes negligence.

█ We hold that the trial court did not abuse its discretion in refusing to allow Lankford's counsel to examine Mr. Nicholson concerning features on other Nicholson debarkers not designed to guard against log thrashing. This line of questioning is outside the scope of direct examination of Mr. Nicholson, whose testimony was limited to re-

lating the history of the development of the ring debarker. Thus, any questioning concerning a guarding device installed on different models than that used in Emmett was properly excluded.

## IV.

### *Conclusion*

We hold that the trial court did not abuse its discretion in denying Lankford's motion for a new trial based on the allegedly erroneous admission of evidence of industry custom, improper exclusion of a proposed jury instruction, erroneous admission of prejudicial surprise testimony, and improper exclusion of witness testimony.

Costs on appeal to respondent.

McDEVITT, C.J., and BISTLINE, JOHNSON and TROUT, JJ., concur.