984 P.2d 122

**Diane Hanks and Clifford HANKS, husband and wife, Plaintiffs–Respondents,**

v.

**SAWTELLE RENTALS, INC., an Idaho corporation and Joseph Williams, Defendants–Appellants.**

No. 24176.

Supreme Court of Idaho,
Boise, May 1999 Term.

Aug. 23, 1999.

Johnson Olson, Chtd., Pocatello, for appellants. L. Charles Johnson argued.

Cox, Ohman & Brandstetter, Chtd., Idaho Falls, for respondents. John M. Ohman argued.

TROUT, Chief Justice.

Diane Hanks (Diane), a passenger, was injured in a collision involving two snowmachines—one driven by her husband, Clifford Hanks (Clifford), and the other by Joseph Williams (Williams), an employee of Sawtelle Rentals, Inc. (Sawtelle). Sawtelle and Williams appeal from a district judge's decision awarding Diane $450,000 in damages.

## I.

## FACTUAL AND PROCEDURAL HISTORY

In March 1995, Clifford and Diane Hanks (the Hanks) rented two snowmachines from Sawtelle, a licensed Idaho outfitter. Clifford signed a rental agreement that included a "Release and Waiver" provision. Diane, however, neither signed nor saw the agreement. Other than the basic operating information printed on the rental form, Sawtelle provided no additional instructions or training.

After some use, Clifford's snowmachine stopped operating. Clifford and Diane rode "double" to a nearby cafe to contact Sawtelle. Following that conversation Sawtelle dispatched Williams to recover the disabled vehicle. The Hanks, with Sawtelle's approval, chose to return toward the location of the disabled snowmachine riding double on Diane's snowmachine. The Hanks and Williams collided on a blind corner. The Hanks, with Clifford driving, were traveling

approximately twenty to twenty-five miles per hour. Williams, an experienced rider, was traveling approximately thirty-five miles per hour. While the record reflects that both drivers attempted evasive maneuvers, the two vehicles glanced off each other ejecting and severely injuring Diane.

Seeking recovery for Diane's medical expenses, pain and suffering, and lost income, the Hanks filed an action against Sawtelle and Williams. Sawtelle and Williams filed a counterclaim seeking to recover for the damage to the snowmachines and to recover for Williams' personal injuries. Following numerous pretrial motions, the case was tried to the district judge without a jury. Addressing the issue of whether Sawtelle was an "outfitter" and Williams a "guide" under the Idaho Recreation Act, the district judge concluded that the only relationship between the Hanks and Sawtelle was that of a lessor and lessee. Consequently, the liability limiting provisions for guides and outfitters found in I.C. § 6–1206 did not apply. The district judge also found that the waiver and release provisions agreed to by Clifford did not bind or obligate Diane since she was not a party to the agreement.

The district judge ultimately concluded that Williams and Clifford were responsible for the accident. Both negligently operated their vehicles violating I.C. § 67–7110.[1] The judge apportioned sixty percent of the fault to Williams and forty percent to Clifford. The judge then awarded $450,000 in damages—$50,000 for Diane's medical bills, $150,000 for her leg injury, and $250,000 for losses attributable to Diane's brain injury. Finding insufficient evidence, the judge refused to award damages for future medical bills or future lost wages. Sawtelle and Williams appeal.

## II.

## DISCUSSION

Sawtelle first complains that the district judge erroneously concluded that Sawtelle

---

1. Idaho Code § 67–7110 provides in relevant part:

It shall be unlawful for any person to drive or operate any snowmobile:

(1) At a rate of speed greater than reasonable and prudent under the existing conditions.

. . . .

(3) In a negligent manner so as to endanger the person or property of another, or to cause injury or damage to either, or to harass, chase or annoy any wild game animals or birds or domestic animals.

I.C. § 67–7110.

was not an outfitter, and thus, its liability was not limited under the Idaho Recreation Act. Second, Sawtelle and Williams argue that the district judge erred in concluding that the waiver and release provision signed by Clifford did not prevent Diane from recovering. Despite Sawtelle's status and the provisions contained in the rental agreement, Sawtelle and Williams argue that the district judge's finding of negligence was clearly erroneous. The two also argue that there was insufficient evidence to support a conclusion that Diane sustained a traumatic brain injury. Finally, Sawtelle and Williams complain that the $450,000 damage award was excessive and unsupported.

## A. Sawtelle's Status.

■ Sawtelle challenges the district judge's conclusion that the relationship between Sawtelle and the Hanks was that of lessor/lessee and that under the facts of the case, Sawtelle was not acting as an outfitter as defined under I.C. § 36–2102(b). Although the Hanks' underlying theory for recovery is negligence, whether Idaho law treats Sawtelle as an outfitter and the Hanks as participants determines the scope of Sawtelle's legal obligations to the Hanks. This issue presents a question of law. In reviewing questions of law this Court exercises free review and is not bound by the conclusions of the trial court, but may draw its own conclusions from the facts found. *Mutual of Enumclaw v. Box*, 127 Idaho 851, 852, 908 P.2d 153, 154 (1995).

Idaho Code § 6–1206 limits the liability of licensed "guides" and "outfitters" to "participants." A licensed outfitter, acting "in the course of his employment," can only be held liable to a "participant" if the outfitter breached a duty imposed by "chapter 21, title 36, Idaho Code, or by the rules of the Idaho outfitters and guides board, [IDAPA 025.01.01] or by the duties placed on such outfitter or guide by the provisions" of chapter 12, title 6, Idaho Code. I.C. § 6–1206. Idaho Code § 36–2102 defines an "outfitter" as:

> any person who, while engaging in any of the acts enumerated herein in any manner: (1) advertises or otherwise holds himself

out to the public for hire; (2) provides facilities and services for consideration; and (3) maintains, leases, or otherwise uses equipment or accommodations for compensation for the conduct of outdoor recreational activities....

I.C. § 36–2102(b). Idaho law defines "participant" as "any person using the services of an outfitter or guide...." I.C. § 6–1202(c).

■ The district judge concluded that Sawtelle was not an outfitter in this case because it did not provide a "service," and consequently, § 6–1206 did not apply. Section 6–1206 operates to limit the liability of a licensed outfitter, acting in the course of its employment, to a "participant." The record reflects that Sawtelle was a licensed outfitter at the time of the accident and, arguably, was acting in the course of its employment by retrieving the disabled snowmachine. However, Diane cannot be characterized as a "participant" as she did not receive "services" from Sawtelle.

As stated above, Idaho law defines an outfitter as any person who (1) holds himself out for hire, (2) provides facilities and services for consideration, *and* (3) maintains or leases equipment for compensation. As is evident from the definition, the provision of services is separate and distinct from leasing equipment. Moreover, a guide, as defined by the code, is an individual employed by an outfitter to furnish personal *services*. I.C. § 36–2102(c). All Sawtelle did here was lease equipment. Fitting the Hanks for the rented clothing and helmets was merely incidental to leasing the equipment. Further, Sawtelle's decision to retrieve the disabled vehicle cannot be said to be a service to the Hanks. Consequently, I.C. § 6–1206 does not operate to limit Sawtelle's liability to Diane and the district judge was correct in so holding.

## B. The Waiver and Release Provision.

■ The district judge concluded that the waiver and release provision of the rental agreement signed by Clifford prevented any recovery on Clifford's part, but because Diane did not sign the agreement, it did not apply to her. The interpretation and legal effect of a contract are questions of law over

which this Court exercises free review. *First Security Bank of Idaho v. Murphy*, 131 Idaho 787, 791, 964 P.2d 654, 658 (1998).

Sawtelle and Williams argue that the district judge erred in reaching this conclusion because under Idaho community property law one spouse can contractually bind the community. Nonetheless, the judge, adopting the Hanks position, correctly reasoned that a spouse's health and well-being is personal to that spouse. Damages recovered for personal injuries remain the separate property of the injured spouse. *See, e.g., Rogers v. Yellowstone Park Co.*, 97 Idaho 14, 20, 539 P.2d 566, 572 (1975). Assuming the waiver and release provision is legally enforceable, Clifford's signature cannot bind Diane's separate interests based solely upon Clifford's status as Diane's husband.

## C. William's Negligence.

The district judge concluded that Williams was driving his snowmachine in violation of I.C. §§ 67–7110(1) and (3). The judge stated that:

> Mr. Williams, an expert snowmobiler, fully expected to meet oncoming snowmachines at every corner, knew the white elephant corner was "sharp and bad" but still he approached the corner at a speed in excess of that which allowed him to safely pass oncoming novice riders.

Sawtelle and Williams complain that this finding is unsupported. To establish a claim for negligence, a plaintiff must prove:

> (1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage.

*Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995). The question of breach of a duty, as disputed here by Sawtelle and Williams, requires factual findings which this Court will not disturb if supported by substantial and competent evidence. *See Rife v. Long*, 127 Idaho 841, 851, 908 P.2d 143, 153 (1995).

There is no dispute that Williams, when operating his snowmachine, had a duty to exercise ordinary care to "prevent unreasonable, foreseeable risks of harm to others." *Sharp v. W.H. Moore Inc.*, 118 Idaho 297, 300, 796 P.2d 506, 509 (1990); *see also* I.C. § 67–7110. There is also no dispute that Williams' collision with the Hanks was a proximate cause of Diane's injuries. The only remaining issue is whether Williams was exercising reasonable care. If not, Williams' negligence is properly imputed to Sawtelle, his employer. *See, e.g., Bettinger v. Idaho Auto Auction, Inc.*, 128 Idaho 327, 330, 912 P.2d 695, 698 (Ct.App.1996).

Sawtelle and Williams assert that the Hanks presented insufficient evidence to conclude that Williams violated I.C. § 67–7110. Instead, they contend the evidence is uncontroverted that Williams approached the curve in a safe and reasonable manner. However, Tom Leman, an accident reconstruction expert, testified that Williams' speed exceeded the critical speed of the curve. Clifford testified that Williams was traveling at a high rate of speed and slid into the Hanks' lane. Williams himself testified that he was traveling at thirty-five to forty miles per hour and that before the accident he was "letting it all hang out and going for it and having a ball."

The above testimony sufficiently supports the district judge's finding that Williams breached his duty to exercise reasonable care and, thus, negligence was properly attributed to Sawtelle and Williams.

## D. Traumatic Brain Injury

The district judge found that, although the evidence was conflicting, Diane sustained mild to moderate traumatic brain injury from the accident. Sawtelle and Williams first argue that the Hanks presented insufficient evidence to support this finding. Whether a plaintiff suffered damages is a question of fact. As noted above, this court will not disturb factual findings that are supported by substantial and competent evidence.

Dr. Nilsson, a board certified neuropsychologist, testified without objection

that Diane sustained traumatic brain injury from the accident. Sawtelle's expert, Dr. Holland, testified that he could not dispute the fact that Diane possibly suffered traumatic brain injury. Sawtelle appears to be doing nothing more than asking this Court to reweigh the evidence. Based upon Diane's subjective complaints and Dr. Nilsson's testimony, the record clearly supports the district judge's finding.

 Next, Sawtelle complains that the district judge abused his discretion by considering evidence of traumatic brain injury under I.R.E. 702. A trial court has broad discretion in admitting scientific evidence. Its decision will only be disturbed on appeal when there has been a clear abuse of that discretion. *See State v. Merwin*, 131 Idaho 642, 646, 962 P.2d 1026, 1030 (1998). A review of the record reveals that Sawtelle failed to object in any way to Dr. Nilsson's testimony below. The district judge was not given the opportunity to determine whether Dr. Nilsson's opinion comported with Rule 702. Sawtelle and Williams appear to argue on appeal that this Court should independently review the expert's qualifications and make our own determination about whether the testimony is credible and supports the judge's decision. Our rules regarding our review of the trial court's actions are clear, however, and do not permit that type of credibility determination. Thus, Sawtelle has waived this issue on appeal. *See, e.g., Lankford v. Nicholson Mfg. Co.*, 126 Idaho 187, 189, 879 P.2d 1120, 1122 (1994).

### E. Damages

 The district judge awarded Diane $450,000 in damages—$50,000 for medical expenses, $150,000 for her leg injury, and $250,000 for losses associated with her brain injury. Sawtelle complains that the Hanks failed to substantiate such an extensive award. The question of Diane's injuries presented the trial court with a question of fact. *See Bentzinger v. McMurtrey*, 100 Idaho 273, 274, 596 P.2d 785, 786 (1979). Except for Diane's medical expenses, her damages are subjective and cannot be measured with mathematical precision. Consequently, this

Court will interfere with the judgment "only in the most exceptional circumstances." *Id.*

 There is substantial evidence in the record that Diane sustained a traumatic brain injury and an extensive injury to her left leg. Her leg injury alone required surgery, a bone graft, and a fixation device. A second surgery was required to remove that device. As a result, Diane experiences constant pain in her leg and knee, has numbness in other areas of her leg, and walks with a limp. She has an obvious scar and has diminished strength and range of motion in her left leg. Because of her head injury, Diane finds it more difficult to self-regulate her moods and emotions. Her memory has deteriorated. Her pre-existing problems with depression have been exacerbated, and she is now experiencing migraine headaches previously experienced only during pregnancy and following a prior head trauma.

Based on the permanent nature and extent of Diane's injuries, Sawtelle and Williams have failed to demonstrate that the $450,000 damage award was improper.

### F. Attorney Fees

 The Hanks request attorney fees on appeal pursuant to I.A.R. 41 and Idaho Code § 12–121. Attorney fees are properly awarded under these provisions when a claimant brings an appeal frivolously, unreasonably, or without foundation. *Keller v. Rogstad*, 112 Idaho 484, 733 P.2d 705 (1987). Williams and Sawtelle raised serious issues about whether the district judge properly characterized the relationship between Sawtelle and the Hanks and whether the waiver and release provision of the rental agreement should have barred Diane's recovery. Consequently, we deny the Hanks' request for fees.

### III.

### CONCLUSION

For the reasons stated above, we affirm the decision of the trial court. We award

costs on appeal, but not attorney fees, to the Hanks pursuant to I.A.R. 40.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL, concur.