26 P.3d 1235

**Sandra PRIEST, an individual, Plaintiff–Appellant,**

v.

**Kevin LANDON, an individual, Defendant–Respondent.**

No. 25663.

Court of Appeals of Idaho.

June 25, 2001.

Jenkins Law Office, Chartered, Idaho Falls, for appellant.

Merrill & Merrill, Pocatello, for respondent. Thomas J. Lyons argued.

LANSING, Judge.

Sandra Priest and Kevin Landon were involved in an automobile collision when Landon drove his vehicle out of his residential driveway onto the street upon which Priest was traveling. Priest sued, alleging that Landon had negligently caused the accident, but a jury returned a verdict in favor of Landon. Priest appeals, arguing that the district court erred in precluding Priest from presenting the testimony of an accident reconstruction expert as a sanction for Priest's late disclosure of the witness in violation of a pretrial order. Priest also asserts that the district court erred in refusing to give a requested jury instruction on a driver's duty to yield the right-of-way.

## FACTS AND PROCEDURAL HISTORY

Priest and Landon were neighbors living along the same road. As Priest was driving home, she came to the portion of the road in front of Landon's house. At that point, the road climbed a hill and curved to Priest's left. Landon's driveway entered the road from Priest's left, on the inside of the curve. As Priest came up the hill and rounded the curve, Landon entered the road from his driveway, intending to turn right on the road in order to travel in the direction opposite to that of Priest's oncoming vehicle. The two vehicles collided as Landon was emerging onto the road, and Priest sustained injuries in the accident.

Priest filed this action, asserting that Landon had negligently pulled out of his driveway and into Priest's lane of travel. Landon denied these allegations and contended that the accident was caused by Priest's negligence in "cutting the corner" by crossing over into the lane being entered by Landon as Priest was rounding the curve. The case proceeded to trial, and the jury returned a verdict in Landon's favor, finding that there was no negligence on the part of Landon that was a proximate cause of the accident.

On appeal, Priest contends that she is entitled to a new trial because the district court erred in excluding the testimony of an accident reconstruction specialist that she sought to utilize as an expert witness and in refusing to give an instruction requested by Priest on a driver's duty to yield the right-of-way.[1]

## ANALYSIS

### A. Witness Exclusion

■ Shortly after filing her complaint, Priest propounded interrogatories to Landon, requesting the disclosure of his expert witnesses. Landon responded that he had not yet determined what experts he would call. Later, the district court issued a pretrial order scheduling the trial for May 11, 1999. The pretrial order also required Priest to disclose all of her expert witnesses by December 12, 1998, and required Landon to disclose his expert witnesses by February 10, 1999. The order directed the parties to in-

---

1. Landon has argued that this appeal was untimely filed and therefore must be dismissed. However, on reviewing the record we find that the notice of appeal was timely filed with the clerk of the district court within forty-two days from entry of judgment, as required by Idaho Appellate Rule 14(a), and the Idaho Supreme Court allowed an extension of time within which Priest could pay the filing fee. We therefore conclude that Landon's untimeliness argument is incorrect, and we will consider the merits of the appeal.

clude in their disclosures the information about expert witnesses' opinions that is discoverable under Idaho Rule of Civil Procedure 26(b)(4)(A)(i).[2]

The first expert witness disclosure between the parties occurred on February 10, 1999, when Landon notified Priest by a letter that Landon intended to call Randy Severe as an accident reconstructionist. The letter did not give any of the additional information about this expert or his opinion that the pretrial order required. Later, however, on April 26, 1999, Landon produced Severe's report to Priest.

On March 1, 1999, Priest served her list of expert witnesses, which included Tom Lehman. Although the disclosure did not specify Lehman's area of expertise, Landon learned that he was an accident reconstruction expert. Thereafter, Landon filed a motion to exclude Lehman because Priest had not timely disclosed him as an expert. After a hearing held on March 29, the district court granted the motion due to Priest's failure to abide by the pretrial order's requirement that Priest disclose her expert witnesses by December 12, 1998. Priest contends that the exclusion of Lehman as a witness was an abuse of the district court's discretion.

 A trial court has authority to sanction parties for non-compliance with pretrial orders. I.R.C.P. 16(i); *Fish Haven Resort, Inc. v. Arnold*, 121 Idaho 118, 121, 822 P.2d 1015, 1018 (Ct.App.1991). Sanctions may include those enumerated in I.R.C.P. 37(b)(2)(B), (C) and (D) for discovery violations. I.R.C.P. 16(i). One such authorized sanction is the disallowance of specified evidence. I.R.C.P. 37(b)(2)(B). The imposition of such sanctions is committed to the discretion of the trial court, and we will not overturn such a decision absent a manifest abuse of that discretion. *S. Idaho Prod. Credit Ass'n v. Astorquia*, 113 Idaho 526, 528, 746 P.2d 985, 987 (1987); *Quick v. Crane*, 111 Idaho 759, 770, 727 P.2d 1187, 1198 (1986);

*Devault v. Herndon*, 107 Idaho 1, 2, 684 P.2d 978, 979 (1984). When reviewing a trial court's discretionary decision, we apply a three-part test, examining whether the trial court (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion in a manner consistent with applicable legal standards; and (3) reached its decision through an exercise of reason. *Lamar Corp. v. City of Twin Falls*, 133 Idaho 36, 40, 981 P.2d 1146, 1150 (1999); *Lankford v. Nicholson Mfg. Co.*, 126 Idaho 187, 188–89, 879 P.2d 1120, 1121–22 (1994); *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). The burden to establish an abuse of discretion falls upon the appellant. *Astorquia, supra.*

In ordering the exclusion of Priest's accident reconstruction expert, the district court reasoned that its pretrial order was explicit in requiring that all expert witnesses be disclosed by a certain deadline and that the upcoming trial date left little time for Landon to prepare for the late-disclosed witness. Priest contends, however, that the exclusion of her expert was inequitable. She asserts, as she did in the district court, that she had not intended to use an accident reconstruction specialist until learning that Landon would be using such an expert in defense. Thus, Priest asserts that she first perceived the need for her own accident reconstructionist when Landon disclosed his witnesses on February 10. She points out that early in the litigation she sent interrogatories to Landon asking for disclosure of his expert witnesses, but that he did not make such a disclosure until after the deadline had passed for Priest to designate her own experts. Because the district court's pretrial order did not allow an opportunity for Priest to name additional or rebuttal experts in response to Landon's expert witness list, Priest contends, she was unfairly precluded from using a rebuttal expert.

---

2. Rule 26(b)(4)(A)(i) provides:

A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the opinions to which the expert is expected to testify and to state the underlying facts and data upon which the expert opinions are based, in conformity with Rule 705 I.R.E.

We are not without sympathy for Priest's position. The form of the pretrial order used here, which does not allow a plaintiff to supplement her expert witness list in response to the defendant's disclosure of witnesses, tends to reward a defendant for "stonewalling" by not responding to the plaintiff's interrogatories on witness identification and by waiting until the last minute to disclose defense experts. Landon's failure to supplement his interrogatory answers to designate expert witnesses before the deadline for Priest's own expert witness disclosure, and the pretrial order's inherent reward to Landon for doing so, are factors which weigh against the exclusion of Priest's late-disclosed expert. However, it is also apparent that Priest could have filed a motion to compel Landon to supplement his interrogatory answers before expiration of the witness disclosure deadline, but she did not do so. Neither did Priest object to the form of the pretrial order, as permitted by I.R.C.P. 16(g). Finally, we note that Priest's explanation for the late disclosure of her accident reconstructionist—that she had not intended to utilize such an expert until learning that Landon would call one—is somewhat belied by the fact that it was not merely the designation of her accident reconstructionist that was untimely. Priest did not disclose *any* of her expert witnesses, even her treating physicians, until the same date that she disclosed the accident reconstructionist more than two months after the court-ordered deadline.[3] On balance, considering all of these circumstances, we cannot say that the district court abused its discretion in precluding testimony from Priest's accident reconstruction expert as a sanction for Priest's noncompliance with the pretrial order.

## B. Jury Instructions

In order to inform the jury of the law regarding the parties' respective allegations of negligence, the district court gave three principal instructions. The first, instruction 12, was a general negligence instruction that told the jury, "It was the duty of both parties, before and at the time of the occurrence, to use ordinary care for the safety of both themselves and each other." The next, instruction 13, was based upon Idaho Code §§ 49–630, –631 and –635(1)(a). It informed the jury that Idaho statutes require that, upon highways of sufficient width, a vehicle must be driven on the right half of the roadway, that drivers proceeding in opposite directions must pass each other on the right, and that no vehicle is to be driven on the left side of the highway when approaching or upon the crest of a grade or curve in a highway where the driver's view is sufficiently obstructed as to create a hazard if another vehicle is approaching from the opposite direction. The third of the instructions, number 14, defined the term "right-of-way" for the jury in accordance with I.C. § 49–119(17), which defines the term as "the right of one (1) vehicle to proceed in a lawful manner in preference to another vehicle approaching under circumstances of direction, speed and proximity as to give rise to danger of collision unless one grants precedence to the other." Instruction 14 also told the jury that the term "right-of-way" should "not be interpreted to mean that a highway user is relieved from the duty to exercise reasonable care at all times and from doing everything to prevent an accident."

Priest requested an additional instruction, based upon I.C. § 49–642, to inform the jury that "the driver of a vehicle about to enter or cross a highway from any place other than another highway shall yield the right-of-way to all vehicles approaching on the highway to be entered or crossed." The district court refused this requested instruction with an explanation that the topic was adequately covered by instruction nos. 12, 13 and 14. The court also noted that a driver's duty to yield the right-of-way applies only if the other vehicle is traveling in a lawful manner. On appeal, Priest contends that the district court's denial of her "duty to yield the right-of-way" instruction effectively prevented the jury from hearing the law on her theory of the case.

---

**3.** The district court's exclusion of another of Priest's late-disclosed experts, a physical therapist, has not been challenged on appeal.

In determining on appeal whether a trial court erred in instructing the jury, our task is to "ascertain whether the instructions, when considered as a whole, fairly and adequately present the issues and state the applicable law." *Brooks v. Gigray Ranches, Inc.*, 128 Idaho 72, 76, 910 P.2d 744, 748 (1996) (quoting *Manning v. Twin Falls Clinic & Hosp.*, 122 Idaho 47, 50, 830 P.2d 1185, 1188 (1992)). The trial court will not be reversed on appeal if this Court finds that the instructions adequately present the issues and state the applicable law. *Lankford*, 126 Idaho at 189, 879 P.2d at 1122. Moreover, even the use of an erroneous jury instruction does not necessarily justify granting a new trial; the requisite inquiry is whether the appellant was prejudiced thereby and whether the error may have affected the jury's conclusion. *Sherwood v. Carter*, 119 Idaho 246, 260, 805 P.2d 452, 466 (1991).

We begin our review by noting that the district court was correct in its comment that a driver can claim the right-of-way only if she is driving lawfully. That is because I.C. § 49–119(17) defines right-of-way as the right of a vehicle or pedestrian "to *proceed in a lawful manner* in preference to another vehicle or pedestrian...." (Emphasis added.) *See also Bell v. Carlson*, 75 Idaho 193, 200, 270 P.2d 420, 424 (1954) (stating that a driver traveling at an unlawful speed had forfeited any right-of-way he might otherwise have had at the time of the accident).

From the district court's explanation of its rejection of Priest's proposed instruction, we discern that the court reasoned as follows: The collision between the Priest and Landon automobiles must have occurred in one of two possible ways. The first possibility is that Priest moved into Landon's lane as Landon was entering the roadway, in which case Priest was at fault for the collision because she did not keep her vehicle in the right-hand lane. In that scenario, she did not have the right-of-way because she was not traveling lawfully, so Landon could not have had a duty to yield the right-of-way; and the jury was adequately instructed regarding both drivers' obligations to keep their vehicles on the right half of the highway. Although in this scenario, Landon could be found negligent for pulling into his rightful lane in front of Priest's oncoming vehicle even if Priest was traveling unlawfully in that lane (and therefore did not have the right-of-way), this potential negligence of Landon was covered by instruction 12's general language regarding the duty of care and by the statement in instruction 14 that the definition of right-of-way does not relieve a highway user "from the duty to exercise reasonable care at all times and from doing everything to prevent an accident." The second way the accident may have occurred is that Priest was traveling lawfully in her own lane, and when Landon emerged from his driveway, he crossed over into Priest's lane, causing the collision. In that event, Landon violated the law by not keeping his vehicle on the right half of the roadway, and the jury was adequately informed of that duty by instruction 13. In either event, an instruction on the duty to yield the right-of-way is unnecessary.

We cannot fault the trial court's rationale. The jury was adequately informed that either driver would be violating the law if he or she crossed over the centerline into the other driver's traffic lane. They were also instructed that regardless of who might possess the right-of-way, each driver retained the duty to exercise reasonable care in order to avoid an accident. Therefore, the instructions did not prevent Priest from presenting her theory to the jury. Although the inclusion of an instruction on a driver's duty to yield the right-of-way pursuant to I.C. § 49–642 would have been permissible, it was not essential. The instructions that were given, as a whole, fairly and adequately presented the issues and the applicable law.

## C. Attorney Fees on Appeal

Landon requests attorney fees on appeal pursuant to Idaho Appellate Rule 41 and I.C. § 12–121. Attorney fees are justified under these provisions where the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. I.R.C.P. 54(e)(1); *Hanks v. Sawtelle Rentals, Inc.*, 133 Idaho 199, 204, 984 P.2d 122, 127 (1999); *Karterman v. Jameson*, 132 Idaho 910, 917, 980 P.2d 574, 581 (Ct.App.1999). We do not find that such a basis for an award has been

demonstrated here. Therefore, no attorney fees are awarded on appeal.

## CONCLUSION

The district court did not abuse its discretion by excluding Priest's accident reconstruction expert witness, nor did the district court err in instructing the jury. Therefore, the judgment entered on the jury's verdict is affirmed. Costs to respondent.

Chief Judge SCHWARTZMAN and Judge Pro Tem WOODLAND concur.