787 P.2d 294

Agnes **NETTLETON,**
Plaintiff–Appellant,

v.

Steve **THOMPSON** and Chris Thompson, husband and wife,
Defendants–Respondents.

No. 17887.

Court of Appeals of Idaho.

Jan. 5, 1990.

Petition for Review Denied
March 12, 1990.

Russell J. Gallagher, Coeur D'Alene, for plaintiff-appellant.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur D'Alene, for defendants-respondents. Argued by Patrick E. Miller, Coeur D'Alene.

HART, Judge Pro Tem.

This is a tort case. The appellant, Agnes Nettleton, brought this action against the respondents, Steve and Chris Thompson, alleging that she was entitled to recover damages due to injuries sustained while she was visiting the Thompsons' home as an invitee. A jury found in favor of the Thompsons. On appeal, Nettleton contends that the trial judge erred when he instructed the jury that the Thompsons' negligence in failing to maintain their home according to local building code standards could be excused if the jury found that the Thompsons were unaware of any building code violations. Moreover, Nettleton argues that the trial judge erred by permitting the Thompsons to introduce certain evidence indicating their ignorance of the building code standards. For the reasons explained below, we vacate the judgment in favor of the Thompsons, and remand this case to the district court for a new trial.

The essential facts of this case are as follows. Nettleton was invited into the Thompsons' home as a prospective renter/buyer. While in the home, Nettleton fell down a stairway leading into the Thompsons' basement and sustained multiple injuries. Nettleton sued the Thompsons for damages, alleging that the stairway did not meet Kootenai County building code standards as outlined by the 1976 edition of the Uniform Building Code (U.B. C.), and that the Thompsons' failure to maintain the stairway according to these standards constituted negligence per se. Specifically, Nettleton contended that the stairway violated the U.B.C. because it contained no handrail, and because variations in the tread (the width of the horizontal part of each individual stair) exceeded U.B.C. limits.

Prior to trial, Nettleton filed a motion for partial summary judgment on the question of whether the alleged U.B.C. violations constituted negligence per se. In a memo-

randum opinion and order, the district judge held that lack of a handrail and variations in the tread constituted violations of the U.B.C., but he did not find the Thompsons negligent, concluding only that the "jury in this action shall be instructed on negligence per se."

During trial, the Thompsons introduced evidence to show that they were unaware that the stairway violated the U.B.C. This evidence included certificates that the Thompsons had paid their previous years' property taxes, and testimony by the Thompsons that a county tax assessor had visited their home on at least two separate occasions without mentioning any U.B.C. violation. On the first morning of trial, Nettleton had anticipated this evidence and she moved, unsuccessfully, to have it excluded. The Thompsons also testified that they had experienced no other problems or injuries as a result of the alleged defects in the stairway's design. At the conclusion of trial, the jury received an instruction pertaining to negligence per se, with the following language:

> You are further instructed that for the purposes of this action, the Thompson's [sic] maintenance, use and occupancy of the residence while the same was in violation of the Uniform Building Code constitutes negligence unless you find that such violation was excused.
>
> A violation of the Uniform Building Code may be excused and is not negligence if the Thompsons, in the exercise of ordinary care neither knew nor should have known their maintenance, use and occupancy of the residence was in violation of the Uniform Building Code.

The jury returned a special verdict finding that there was no unexcused negligence on the part of the Thompsons in maintaining the stairway. This appeal by Nettleton followed.

Nettleton contends that the jury instructions incorrectly reflect Idaho law concerning excuse from negligence per se. Nettleton contends that the defense of excuse may be used only when violation of a statute arises out of circumstances beyond the control of the violator. Based upon this premise, Nettleton submits that the trial judge should not have instructed the jury on excuse because the Thompsons were in a position to remedy the U.B.C. violations by fixing the defects in the stairway.

Preliminarily, we note our standard of review of the court's instruction. On appeal, instructions must be viewed as a whole to determine whether the jury was properly and adequately instructed. *Davis v. Bushnell*, 93 Idaho 528, 465 P.2d 652 (1970). If the court's instructions, considered as a whole, fairly and adequately presented the issues and state the applicable law, no error is committed. *Zolber v. Winters*, 109 Idaho 824, 712 P.2d 525 (1985). Generally, determining whether a trial court has adequately instructed the jury in the applicable law is a question of law; therefore, we will exercise free review. *See Suitts v. First Security Bank of Idaho*, 110 Idaho 15, 713 P.2d 1374 (1985).

In Idaho, violation of a city ordinance may constitute negligence per se. *Stephens v. Stearns*, 106 Idaho 249, 678 P.2d 41 (1984). However, in order for negligence per se to apply, several criteria must be met. First, the ordinance must clearly define the required standard of conduct; second, the ordinance must have been intended to prevent the type of harm which occurred; and third, the plaintiff must be a member of the class of persons the ordinance was designed to protect. *See Sanchez v. Galey*, 112 Idaho 609, 617, 733 P.2d 1234, 1242 (1986). In the present case, it is unrefuted that the U.B.C. clearly specifies the requirements for building and maintaining a stairway in a residential dwelling. There has been no contention that the Thompson residence, constructed in 1978, was exempt from the 1976 U.B.C. requirements. Furthermore, the U.B.C. standards were intended to protect individuals such as Nettleton—an invitee in the Thompsons' home—from injuries resulting from falling down the stairway. Therefore, the U.B.C. standards are applicable and the Thompsons' failure to maintain their stairway accordingly constitutes negligence per se.

Because of the potentially harsh results which may flow from application of this doctrine, the Idaho Supreme Court has recognized that an *excused* violation of a law does not constitute negligence per se. *See State ex rel. McKinney v. Richardson,* 76 Idaho 9, 277 P.2d 272 (1954); 57 AM. JUR.2D *Negligence* § 753–58 (1989) (hereinafter *Negligence.*) The Court's recognition of this principle thus creates a rebuttable presumption of negligence per se for violation of a law in the absence of excuse or justification. *See Negligence,* § 753; *see State ex rel. McKinney v. Richardson,* 76 Idaho at 15, 277 P.2d at 274–75. The burden of proving excuse of a violation rests with the violator. *See Impson v. Structural Metals, Inc.,* 487 S.W.2d 694, 695–96 (Texas 1972); *cf. Bale v. Perryman,* 85 Idaho 435, 440, 380 P.2d 501, 503 (1963) (violation may be explained by defendant showing conduct was excusable). In *Bale* our Supreme Court enunciated several categories of excuse in the context of motor vehicle accidents; those categories did not include ignorance of the law.

■ In the present case, the Thompsons contend that their ignorance of U.B.C. requirements constitutes an excuse. Relying closely upon the language of RESTATEMENT (SECOND) OF TORTS, § 288A(2)(b) (1965), they aver that they neither knew, nor should have known, that the condition of the stairway violated U.B.C. standards. In support of their contentions, the Thompsons argue that their payments of property taxes and the county tax assessor's visits to their home impliedly indicate that the county had approved of the stairway construction. When these facts are considered in light with their ignorance of any defects in the stairway, the Thompsons submit that the trial judge properly instructed the jury on the question of excuse to their violation of the U.B.C.

■ We disagree. Generally, a defendant may establish excuse or justification for violation of a statute or ordinance if the defendant's conduct could nevertheless be said to fall within the standard of reasonable care under the circumstances. *See Hall v. Warren,* 632 P.2d 848 (Utah 1981),

*later appeal,* 692 P.2d 737 (1984); *see Nichols v. Sonneman,* 91 Idaho 199, 206, 418 P.2d 562, 569 (1966); *Bale v. Perryman,* 85 Idaho at 440, 380 P.2d at 503. Furthermore, whether a defendant's per se negligence is excused is a question for the jury to decide. *Stephens v. Stearns, supra.* We agree with these standards. However, the decisions of the Idaho Supreme Court indicate that, in order to warrant an excuse instruction, the defendant must establish that his or her conduct was objectively reasonable under the circumstances. For instance, in *Bale v. Perryman, supra,* the plaintiff brought an action to recover damages incurred in a motor vehicle accident in which he attempted to pass a truck driven by the defendant. In determining that the plaintiff was negligent per se, the Court found that the only evidence presented by the plaintiff to show that his negligent driving should be excused was his subjective belief that the other driver would not turn into his line of travel. 85 Idaho at 440, 380 P.2d at 504.

Likewise, in *Riley v. Larson,* 91 Idaho 831, 833, 432 P.2d 775, 777 (1967), the Court concluded that a mechanic's negligence in failing to place the transmission of an automobile in the "park" position could not be excused by the mechanic's "belief" that since the automobile did not roll away for approximately fifteen minutes after he parked it, there must have been some outside force or other agency which caused the automobile to move from its stationary position. Similarly, in *State ex rel. McKinney v. Richardson, supra,* the Court concluded that the defendant's negligence in driving an overweight vehicle across a bridge was not excused by the defendant's contention that it was local custom to do so. 76 Idaho at 16, 277 P.2d at 275.

Finally, in the more recent case of *Stephens v. Stearns, supra,* the Court addressed a question similar to that raised in this appeal: what proof is required to establish an excuse of a violation of the U.B.C.? In that case, the plaintiff filed suit against the owner of her apartment building, the architects who designed the building, and the city for damages arising

out of an injury received when she fell down a flight of stairs in her townhouse apartment. The stairway was not equipped with a handrail, in violation of a city ordinance requiring compliance with the U.B.C. In discussing the liability of the apartment owner, the Court concluded that the owner's production of a certificate of occupancy for the questioned structure could be sufficient proof to establish an excuse for violation of the U.B.C. 106 Idaho at 258, 678 P.2d at 50. A specific purpose of such a certificate of occupancy—as opposed to a tax assessor's visit to determine property value—is to demonstrate that the property is in compliance with applicable building codes.

Implicit in all these decisions is the notion that proof of excuse must be established by more than the violator's ignorance of the law or the violator's subjective belief that his or her conduct was in accord with a reasonable standard of behavior. Rather, these decisions indicate that excuse can only be established by evidence that the individual had an objectively reasonable explanation for violating the law. This reasoning is persuasive; it would be incongruous to permit an alleged tortfeasor to subjectively define the scope or extent of the duty owed under the law.

An illustration of an objectively reasonable explanation appears in *Sparkman v. Maxwell*, 519 S.W.2d 852 (Texas 1975). In that case, the appellant argued that a motor vehicle accident which she allegedly caused was the result of a confusing traffic control light recently installed by the city. In proof of her contention, the appellant introduced the testimony of the engineer who had installed the light. The engineer indicated that the light had caused a considerable amount of confusion to other motorists as well. In determining that the appellant had met her burden of proving an excuse to violation of the Texas motor vehicle code, the Court noted:

> This is not to say that confusion on the part of a driver constitutes a legal excuse, but the evidence here will support the conclusion that Mrs. Sparkman's confusion was caused by an unreasonably confusing traffic signal. It was for the

jury to determine whether her conduct was reasonable under the circumstances. 519 S.W.2d at 857.

■ In the present case, we conclude that the Thompsons failed to produce an objectively reasonable explanation for the existence of the U.B.C. violations. Therefore, the trial judge was not warranted in giving the jury an excuse instruction. The evidence which the Thompsons offered at trial consisted of records of their real property tax payments, evidence indicating that their home had been visited by the county tax assessor, as well as the Thompsons' assertions that they were unaware of any U.B.C. violations. The Thompsons argue that the tax evidence was relevant because it was a factor in establishing that the county had failed to put them on notice of any building code violations. We disagree.

■ Relevant evidence is evidence which has any tendency to make the existence of any fact in question more or less probable than it would be without the evidence. I.R.E. 401. Determination of whether proffered evidence is admissible rests within the sound discretion of the trial court; on appeal, we will not disturb the trial court's decision to admit evidence absent an abuse of discretion. *Marks v. Vehlow*, 105 Idaho 560, 569, n. 9, 671 P.2d 473, 482, n. 9 (1983). Unlike the defendant in *Stephens* who obtained a certificate of occupancy indicating that the city had approved of the construction in the plaintiff's apartment, the only reasonable inference which could be drawn from the Thompsons' evidence is that they timely paid their taxes. We believe the trial judge abused his discretion in admitting the evidence for the purpose of establishing that the Thompsons were excused from their U.B.C. violations. The only evidence left is the Thompsons' subjective statements regarding their ignorance of the U.B.C. standards. Based upon our reasoning above, we conclude that such evidence is not enough to sustain the burden of proving an excuse for a violation of the law.

In summary, we hold that Nettleton has proven that the U.B.C. violations in the

Thompsons' stairway constitute negligence per se, and that the Thompsons have failed to establish an excuse or justification for violating those standards. We therefore vacate the judgment in favor of the Thompsons and remand this case to the district court for a new trial. *Leliefeld v. Johnson,* 104 Idaho 357, 370, 659 P.2d 111, 124 (1983). Costs to appellant. No attorney fees on appeal.

SWANSTROM, J., concurs.

BURNETT, Judge, specially concurring.

I agree that today's case is distinguishable from *Stephens v. Stearns,* 106 Idaho 249, 678 P.2d 41 (1984), and that negligence *per se* is not excused by mere ignorance of the law. I write separately to emphasize that negligence *per se* is not a doctrine of absolute liability. It differs from common law negligence only insofar as it replaces a general duty of reasonable care with a more specific duty of obedience to a legislative command.

As noted in the lead opinion, negligence *per se* is subject to exceptions where performance is impossible or nonperformance is otherwise justified. Thus, an exception might exist where a defendant has no actual or imputed knowledge of the facts invoking application of a legislative standard. In this case, however, the Thompsons had actual or imputed knowledge of the variations in stair width and the lack of a stair handrail in their home. These facts were discernible, and they invoked application of the Uniform Building Code, as adopted by the municipal ordinance.

The Thompsons may have thought the stairs would not pose an undue risk to anyone. Such an evaluation of the risk might be relevant to an issue of reasonable care, but it would not be relevant to the duty imposed by the doctrine of negligence *per se.* The duty was legislatively prescribed. A new trial is required to determine what liability, if any, flows from a breach of that duty.