99 P.3d 625

Tarah GALLOWAY, Plaintiff–Appellant,

v.

Jay WALKER, Defendant–Respondent,

and

Does 1–10, Defendants.

No. 29771.

Court of Appeals of Idaho.

Oct. 4, 2004.

674

Saetrum Law Offices, Boise, for appellant. Rodney R. Saetrum argued.

Sasser Inglis, Boise, for respondent. Clay M. Shockley argued.

LANSING, Chief Judge.

This is a personal injury action in which a jury found that the defendant, Jay Walker, was not liable for injuries sustained by the plaintiff, Tarah Galloway, during a co-ed softball game. On appeal, Galloway alleges that the trial court erred in granting Walker's motion in limine to exclude evidence of negligence and in denying Galloway's motion for a new trial. Galloway also alleges various errors with regard to the jury instructions given by the trial court.

## I.

### BACKGROUND

Galloway and Walker were on opposing teams at a co-ed softball game. During one play, Galloway was playing second base and Walker was a base runner coming from first base. Walker was sliding into second base as Galloway received the ball and touched the base for a forced out. While sliding into the base, Walker collided with Galloway, who, by this time, was attempting to throw the ball to first base. As a result of the collision, Galloway sustained severe injuries to her knee.

Galloway filed a complaint against Walker alleging that he had recklessly or intentionally caused Galloway's injuries. The parties later stipulated to allow Galloway to amend the complaint, and Galloway thereupon filed an amended complaint that added an allegation that Walker was negligent or grossly negligent in causing Galloway's injuries. Before trial, Walker filed a motion in limine requesting that Galloway be precluded from presenting any evidence at trial that Walker had been merely negligent—as distinguished from reckless—in causing Galloway's injuries. That is, Walker asserted that only reckless or intentional conduct will create liability for sports-related injuries. The district court granted Walker's motion, thereby barring Galloway's claim for negligence and precluding any evidence of simple negligence at trial.

The jury returned a verdict in favor of Walker, finding that his conduct was neither reckless nor intentional. Galloway later filed a motion for judgment notwithstanding the verdict and a motion for a new trial, both of which were denied by the trial court. Galloway appeals.

## II.

### ANALYSIS

#### A. Motion in Limine

Galloway first contends that the trial court erred in granting Walker's motion in limine to exclude evidence of negligence. The motion in limine, she argues, was proce-

durally barred because it should have been raised as a motion for summary judgment. She points out that the underlying purpose of the motion was to establish the standard for liability in cases of sports-related injuries and contends that it therefore should have been filed as a motion for summary judgment sixty days before trial, in compliance with Idaho Rule of Civil Procedure 56, rather than as a motion in limine filed three weeks before the trial.

We agree with Galloway's argument that the motion in limine was more than a request for an evidentiary ruling, but we reject her contention that the issue of substantive law raised on the motion could be presented only through a timely summary judgment motion. Walker's motion, in substance, requested a determination that a cause of action in negligence for infliction of a sports-related injury is not a cognizable claim under Idaho law. The motion sought dismissal of Galloway's negligence claim for failure to state a claim upon which relief may be granted, and a corresponding exclusion of evidence on the dismissed claim. The request for dismissal of the negligence claim is not properly termed a motion for summary judgment, for it was based solely on the pleadings and did not turn upon any evidence outside of the pleadings. *See* I.R.C.P. 12(b)(6). Idaho Rule of Civil Procedure 12(h)(2), as it then existed, specifically authorized the presentation of such a defense as late as the time of trial: "A defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." [1] Consequently, the district court was correct in concluding that the motion was not procedurally barred when it was presented three weeks before trial.[2]

Galloway also contends that the trial court should have denied Walker's motion in limine on the ground of quasi-estoppel and waiver. Galloway argues that Walker's stipulation to allow amendment of the complaint to allege a negligence claim constituted a waiver of the contention that recovery is not permitted for negligently inflicted sports-related injuries. This argument is frivolous. Walker stipulated only to enable Galloway to file an amended pleading pursuant to I.R.C.P. 15(a). In stipulating to an amendment, a party does not waive all defenses that might otherwise be raised against the claim that is being added. Such a stipulation is generally a matter of courtesy and relieves the plaintiff of the need to file a motion and convince the trial court of the propriety of the amendment. It is not an acknowledgement of the validity of any claim set out in the amended pleading.

Galloway has not asserted error in the district court's substantive holding that liability for a sports injury will arise only in the event of reckless or intentional misconduct; but without actually asserting error, Galloway has invited this Court to decide, for future application, the standard which should be applied. Because Galloway does not challenge the trial court's determination, we are presented with no controversy to be addressed on appeal. Therefore, we offer no opinion regarding the standard for liability to be applied in sports-related injuries.

## B. Jury Instructions

Galloway next contends that the trial court erred in instructing the jury. The propriety of a jury instruction is a question of law over which this Court exercises free review. *Orthman v. Idaho Power Co.*, 134 Idaho 598, 601, 7 P.3d 207, 210 (2000). On appeal, we view the jury instructions as a whole, not individually, to determine whether the jury was adequately instructed on the applicable law. *Leslie v. J.C. Penney Life*

---

1. In 2004, the provisions of Rule 12(h) were amended and renumbered as 12(g).

2. Galloway also argues that "the district court's concerns regarding the presentation of inconsistent theories at trial are contrary to [the] law." The record does not show any ruling made by the trial court limiting Galloway's presentation of theories at trial except the court's ruling that the standard for liability in sports-related injuries is one of reckless or intentional conduct. The court may have at one point expressed concern about the presentation of inconsistent theories, but the court did not make any ruling requiring Galloway to choose a theory upon which to proceed at trial.

*Ins. Co.*, 138 Idaho 305, 307, 62 P.3d 1101, 1103 (2003); *Silver Creek Computers, Inc. v. Petra, Inc.*, 136 Idaho 879, 882, 42 P.3d 672, 675 (2002). Even where the instructions were not factually or legally accurate, we will not reverse the judgment unless the error misled the jury or prejudiced the complaining party. *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004); *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 51, 995 P.2d 816, 821 (2000).

### 1. Instructions on recklessness

■ Galloway first posits error in jury instruction no. 11, which stated the standard of care in sporting events as follows:

> You are hereby instructed that the standard or duty of care owed by participants in a sporting or athletic event is to act in a manner which does not constitute intentional or reckless conduct.

Galloway asserts that this instruction should have also included the terms "willful and wanton" in order to correctly state the applicable standard. She offers no authority or persuasive rationale as to why these words are necessary, in addition to "reckless or intentional," in order to correctly state the standard adopted by the trial court. Rather, she makes a bare assertion that "willful and wanton" are necessary words that must be used in describing the recklessness standard. With this contention being unsupported by any propositions of law, authority, or reasoned argument, Galloway has shown no error in the use of jury instruction no. 11.

■ Galloway next argues that Instruction 13 gave an incorrect definition of "reckless." Because the Idaho pattern jury instructions included no definition of "reckless," the trial court drew upon the definition found in RESTATEMENT (SECOND) OF TORTS § 500 (1965), and defined "reckless" for the jury as follows:

> A person's conduct is reckless if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to real-

ize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary, under the circumstances.

In Instruction 12, the trial court defined "intent" as follows:

> The word "intent" denotes that the actor desired to cause the consequences of his act, or that he believes that the consequences are substantially certain to result from it.

Galloway argues that the court's use of the word "intentional" within the definition of "reckless" and the court's inclusion of a definition of "intent" were confusing and misled the jury.

■ We do not agree. In the definition of reckless, the term "intentionally" does not modify the entire description of conduct constituting recklessness, but modifies only the phrase "fails to do an act." The use of "intentional" therefore does not affect that portion of the instruction defining a reckless act. The instruction's use of "intentional" did not change the standard to reckless *and* intentional; rather, it excluded an inadvertent or merely negligent omission from the category of recklessness. Even if it were deemed erroneous, the use of "intentional" to modify "fails to act" could not have prejudiced Galloway because Galloway's claim was not based upon a reckless omission but upon Walker's affirmative act of sliding into Galloway.

■ Galloway also argues that the definition of "willful and wanton" now found in IDJI2d 2.25 provides a more appropriate definition to instruct the jury on reckless conduct. Because IDJI2d was not issued by the Idaho Supreme Court until after the trial in this case, the district court did not have the benefit of IDJI2d 2.25. Regardless, we fail to see how the use of the IDJI2d 2.25 definition would have benefited Galloway, for it appears to set a higher standard of proof for the plaintiff, requiring a showing that the defendant's conduct "involved a high degree of probability that ... harm would actually result,"[3] whereas the instruction given in

---

3. IDJI2d 2.25 provides: "The words 'willful and wanton' when used in these instructions and

this case required only a showing that the defendant's conduct "creates an unreasonable risk of physical harm to another [and] that such risk is substantially greater than that which is necessary, under the circumstances." Accordingly, Galloway has shown no reversible error in the definition of reckless used in the jury instructions.

## 2. Instruction on proximate cause

Next, Galloway contends that the district court erred by instructing on proximate cause. On the special verdict form, jurors were directed to first determine whether Walker's actions were reckless or intentional. If this question was answered in the affirmative, the jurors were then asked to determine whether Walker's action was the proximate cause of Galloway's injury. To aid the jury in answering the second question, the trial court defined proximate cause in this manner:

> When I use the expression "proximate cause," I mean a cause which, in natural or probable sequence, produced the complained injury, loss or damage, and but for that cause the damage would not have occurred. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate cause if the injury, loss or damage likely would have occurred anyway.
>
> There may be one or more proximate causes of an injury. When the intentional or reckless conduct of two or more persons contributes concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.

Galloway contends that no proximate cause instruction should have been given because it was not contested that Walker's actions were the cause of Galloway's injuries, and the only issue for the jury was whether the infliction of the injuries was reckless or intentional. We find no merit in this argument. Con-

trary to Galloway's assertion, causation was at issue because there was an affirmative defense of contributory fault raised by Walker. Even if causation had not been contested, it would not have been error to instruct the jury on all of the elements of Galloway's cause of action. Galloway has presented no authority to support this novel assertion that a jury may not be instructed on uncontested elements of a claim. She has shown no error in the instruction.

## C. Motion for New Trial

After the trial, Galloway filed a motion for judgment notwithstanding the verdict and, alternatively, for a new trial. The two motions were denied by the trial court in a single memorandum decision. As her final assignment of error on appeal, Galloway argues that the trial court erred in denying the motion for a new trial by applying the wrong legal standard to the motion. We agree, for it appears that the district court did not adequately distinguish between the standards for scrutiny of the trial evidence that are applicable to a motion for a judgment n.o.v. and those applicable to a motion for a new trial made on the ground that the verdict was against the weight of the evidence.

A judgment n.o.v. may be granted only when there was no substantial evidence to support the jury's verdict. *Jeremiah v. Yanke Machine Shop, Inc.*, 131 Idaho 242, 247, 953 P.2d 992, 997 (1998); *O'Neil v. Schuckardt*, 112 Idaho 472, 480, 733 P.2d 693, 701 (1986); *Quick v. Crane*, 111 Idaho 759, 763, 727 P.2d 1187, 1191 (1986); *Dawson v. Olson*, 94 Idaho 636, 641, 496 P.2d 97, 102 (1972); *Evans v. State*, 135 Idaho 422, 430, 18 P.3d 227, 235 (Ct.App.2001). If the verdict can be supported under any reasonable view of the evidence, a motion for a judgment n.o.v. must be denied. *Evans*, 135 Idaho at 430, 18 P.3d at 235. Therefore, such a motion admits the truth of all adverse evidence; and all inferences that can legitimately be drawn from the evidence must be viewed in the light most favorable to the non-movant. *Highland Enterprises, Inc. v. Barker*, 133

---

when applied to the allegations in this case, mean more than ordinary negligence. The words mean intentional or reckless actions, taken under circumstances where the actor knew or

should have known that the actions not only created an unreasonable risk of harm to another, but involved a high degree of probability that such harm would actually result."

Idaho 330, 337, 986 P.2d 996, 1003 (1999); *Quick,* 111 Idaho at 763, 727 P.2d at 1191. The applicable standard is whether the evidence was of sufficient quantity and probative value that reasonable minds could reach the same conclusion reached by the jury. *Litchfield v. Nelson,* 122 Idaho 416, 419, 835 P.2d 651, 654 (Ct.App.1992). This question is decided by the trial court as a matter of law. *Quick,* 111 Idaho at 764, 727 P.2d at 1192; *Litchfield,* 122 Idaho at 419–20, 835 P.2d at 654–55.

 In contrast, when addressing a motion for a new trial made on the ground that the evidence is insufficient to justify the verdict, the trial court is called upon to exercise its discretion. The trial court may grant the motion if the verdict is not in accord with the court's assessment of the clear weight of the evidence. *Quick,* 111 Idaho at 766, 727 P.2d at 1194; *Evans,* 135 Idaho at 430–31, 18 P.3d at 235–36. In making this determination, the trial court is not constrained to view the evidence in favor of the jury verdict, but must weigh the evidence and independently assess the credibility of the witnesses. *Lanham v. Idaho Power Co.,* 130 Idaho 486, 498, 943 P.2d 912, 924 (1997); *Quick,* 111 Idaho at 767, 727 P.2d at 1195. Thus, on a motion for a new trial, unlike a motion for a judgment n.o.v., the trial court may set aside the verdict even though there is substantial evidence supporting it. *Quick,* 111 Idaho at 767, 727 P.2d at 1195. The trial court may grant a new trial if the court finds (1) that the verdict is against the clear weight of the evidence and that the ends of justice would be served by vacating the verdict; and (2) that a retrial probably would produce a different result. *Lanham,* 130 Idaho at 498, 943 P.2d at 924; *Heitz v. Carroll,* 117 Idaho 373, 378, 788 P.2d 188, 193 (1990).

 Although a motion for a judgment n.o.v. and a motion for a new trial may be brought simultaneously and in the alternative, I.R.C.P. 50(b); *Quick,* 111 Idaho at 766, 727 P.2d at 1194, because the two motions have "wholly distinct functions and different standards govern their allowance," it is essential that the trial court rule on them separately. *Quick,* 111 Idaho at 766–67, 727 P.2d at 1194–95. *See also Evans,* 135 Idaho

at 430, 18 P.3d at 235; *Beco Constr. Co., Inc.,* 130 Idaho 4, 8, 936 P.2d 202, 206 (Ct.App. 1997).

In its decision on Galloway's motion, the trial court correctly set forth the applicable standards for both motions, but in its ruling, the court appears to have combined the two standards and then applied the conflated standard to Galloway's new trial motion. In denying a new trial, the court stated: *"[B]ecause this Court must construe the evidence in favor of the jury verdict,* it cannot hold that there is a probability a different result would follow in a new trial." (Emphasis added.) This explanation of the ruling discloses application of an incorrect test, for the motion for a new trial required the court to independently weigh the evidence and the credibility of the witnesses and the court was *not* required to view the evidence in favor of the jury's verdict. *Quick,* 111 Idaho at 766–67, 727 P.2d at 1194–95. Because an incorrect standard was applied by the district court, we vacate the order denying Galloway's motion for a new trial and remand for reconsideration of the motion, utilizing the correct standard.

### III.

### CONCLUSION

We conclude that the trial court did not err in granting Walker's motion in limine to exclude evidence of negligence at trial nor in instructing the jury. However, because the district court applied an incorrect legal standard in denying Galloway's motion for a new trial, that order is vacated and the case remanded to the district court for reconsideration of that motion using the appropriate standard. Because we deem neither party to have prevailed on this appeal, costs are not awarded.

Judge PERRY and Judge GUTIERREZ concur.